UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-21732-Civ-COOKE

OSIRIS E. LOPEZ,

    Plaintiff,

vs.

JUDGE VERONICA DIAZ and
STATE ATTORNEY KATHERINE
FERNANDEZ RUNDLE,

    Defendants.

    _____/

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO
PROCEED *IN FORMA PAUPERIS* and DISMISSING COMPLAINT**

THIS MATTER is before me on Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3). I have reviewed the Motion to Proceed *In Forma Pauperis*, Plaintiff's Complaint (ECF No. 1), and the relevant legal authority. For the reasons provided herein, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is denied and his case is dismissed.

**I. BACKGROUND**

On May 16, 2016, *pro se* Plaintiff removed a state court action involving Defendants.[1] The nature of the underlying state suit is unclear since Plaintiff never attached any state court records as required under civil and criminal removal procedures. *See* 28 U.S.C. §§ 1446(a) – (b), 1455(a) – (b). Plaintiff, who asserts he is an Analyst with the Federal Bureau of Investigation, requests the appointment of an independent counsel and an issuance of a writ of mandamus related to a U.S. Department of Housing and Urban Development

---

[1] It appears Plaintiff improperly removed this case to federal court. Federal law makes plain "that removal is limited to defendants and a plaintiff cannot remove, even in the position of a defendant with respect to a counterclaim." *Eldred v. Seafarer Expl. Corp.*, No. 8:13-CV-2696-T-30, 2013 WL 5954788, at *1 (M.D. Fla. Nov. 7, 2013); *see also* 28 U.S.C. §§ 1446(a), 1455(a). The Court of Appeals for the Eleventh Circuit disfavors district court judges remanding cases *sua sponte* based on perceived procedural defects, however, without a party first filing a motion to remand. *See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001).

investigation due to unidentified conflicts of interests and abuses of power with Defendants and other government officials.[2] Plaintiff moves to proceed in this action *in forma pauperis*.

## II. LEGAL STANDARD

A court shall dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) – (ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) – (2). The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the "short and plain statement of the claim" in the complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). However, the leniency shown to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds*, *as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 399 Fed. Appx. 563, 565 (11th Cir. 2010) (citations omitted).

## III. DISCUSSION

Plaintiff's Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1) – (2). Plaintiff ignores basic formatting requirements and fails to allege a specific cause of action to provide Defendant fair notice of the claims against it and the grounds upon which it rests.

---

[2] Plaintiff provided some of these investigation details in a later-filed Emergency Motion for Mandamus (ECF No. 6).

Federal Rule of Civil Procedure 10 requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. Here, Plaintiff's Complaint is in the form of an email sent to various government officials, which plainly violates this rule.

In addition, Plaintiff's Complaint contains scant details about the underlying investigation and the problems with Defendants involved therein. The pleading instead contains conclusory statements about the abuses of power of government officials without offering any details about what these purported transgressions were. Without more details, I am loath to continue this action.

It is also not clear I could grant the relief Plaintiff requests in his Complaint. The authority to appoint an independent counsel, for example, is vested in a rotating panel of judges from the U.S. Court of Appeals for the District of Columbia, who act at the request of the U.S. Attorney General. *See* 28 U.S.C. §§ 49, 592, 593. What is more, the Federal Rules of Civil Procedure "abolished" writs of mandamus and now direct parties to file an "appropriate action or motion" where similar relief is available. Fed. R. Civ. P. 81(b). Plaintiff's lack of pertinent details in his Complaint about the investigation at bar make it impossible for me to decipher what other relief is viable in this action.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is **DENIED**. Plaintiff's Complaint is **DISMISSED** *without prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk of Court shall UNSEAL and **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 2nd day of June 2016.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
Osiris E. Lopez, *Pro se*
2130 S.W. 97th Avenue
Miami, Florida 33165